Okay, our next case this morning is number 147129, Bell v. McDonough. Mr. Keller. Good morning, and may it please the court, my name is Matthew Keller, I'm an attorney at Odin, Feldman & Tittleman in Russell, Virginia. I represent Mr. Freddie Bell, a veteran who served in the U.S. Air Force during the Vietnam era, has a history of and risk factors for diabetes mellitus, who claimed VA benefits for diabetes mellitus, but whose claim was denied when the Department of Veterans Affairs failed to provide him with a sufficient contemporaneous blood test. So what's the legal issue here? No, the legal issue here is actually relatively narrow, and it ties in very closely with the jurisdictional issue. This court has jurisdiction over this dispute under 38 U.S.C. 7292, this court has jurisdiction to review the decision of the veterans court in this case, with respect to the validity of a decision of that court on a rule of law, or of any statute of regulation, or any jurisdiction. So what's the legal issue? Your Honor? What's the legal issue? The legal issue, Your Honor, is when... The way you describe it, it sounds factual. So what's the legal issue? At the lower level, it is a factual issue. At this court's level, it's a legal issue, because in adopting the VA's decision-making in this case, the veterans court used an improper interpretation of this statutory rule of duty to assist. How can there be a factual issue below, and a legal issue now? Aren't you asking us to either apply a lot of facts, or asking us to re-weigh the factual determination? No, Your Honor. At this stage, all my client is asking is that this court deem the interpretation by the lower court, which was that mere passage of time without more evidence by the veteran, is an insufficient basis... Isn't that a factual issue? I do not believe that it is, Your Honor. It's not a factual issue, because the challenge here is to the basic rule of law, which the veterans court has applied across the board in a kind of a one-size-fits-all... What is your conception of what the law requires? That is a difficult question to answer, because it is a fact, unfortunately, it's a fact-specific question of what the law would specifically require at the lower level. What I'm challenging here is the veterans court's decision that across the board, if a veteran has a time passage between when the veteran is evaluated for a particular claim, and when that decision on the claim is actually made, whether or not the veteran is responsible... But there's no law or regulation that addresses that specific issue. What you're really asking us to do is to consider under the duty to assist... Yes. ... regulation that the VA should have issued another medical examination, correct? But the decision below was that there was no requirement for another medical evaluation, because the last one was current enough. And that decision below was made on the premise, the legal principle developed by the veterans court, that mere passage of time without more evidence by the veteran himself or herself is an insufficient basis for the VA to be required to go back and retest a veteran. That particular interpretation of the law is what Mr. Bell challenges, would certainly be dispositive in this case, if instead of applying across the board to all veterans,  I'm hearing you the benefit of the doubt on that. Wouldn't you still say though that what we have here, at minimum, is an application of law to facts? Not particularly, Your Honor. Specifically, in this case, my client is not asking that this court reevaluate his claim in any way, simply that this court directs the veterans court to interpret this rule of law, the duty to assist, in a different manner that is more permissive for my client to actually be able to get back into the VA and get those medical tests that he requires. So what's the principle you're arguing for, that any time the veteran asks for an exam, he gets it? No, Your Honor. I think in this case, this is a bit of a different case than, you know, your run-of-the-mill case. For example, this is not a case about my client's loss of hearing, which is the case upon which the veterans court relies for this principle of law. Hearing loss, especially if it's the day after the veteran separates from the military, the time from that day forward is not going to be attributed to that veteran's service and would not have any bearing on a disability claim. In this case, and it's recognized, at least implied by the regulations and statutes that... But what's the legal principle you want? That specifically in a case of a veteran who has a documented history, the documented history is on the record, Your Honor, of a history of and risk factors for diabetes mellitus, also is in a presumptive category of veteran? In this case, the law actually presumes, if we have a proper diagnosis of diabetes mellitus, that this veteran will receive benefits for diabetes mellitus. So what's the principle? That there has to be a test every six months, eight months, a year? What's the rule? On timing, Your Honor, I think I would be speculating about other veterans' cases to make a very broad rule, and I think that that would be incorrect on my part. In this case, nine months... So it's fact-specific? In this case, Your Honor, nine months is too much for diabetes mellitus, which is... For the facts of this case? Ultimately, in the facts of this case... Nine months is too much under the facts of this case? Yes. It doesn't sound like a legal principle, it sounds like a fact issue. The legal disagreement that my client has with the Veterans' Court's decision is that the Veterans' Court has applied a blanket rule that in any case, the veteran himself or herself has to prove that he or she has a particular disability or new evidence of the disability that he or she has. And that final determination is made by the... But that's not what happened here. Your client had a medical evaluation nine months before he asked for the next one. But he's been evaluated. He was evaluated, and the decision that the VA made... Is that another test was not necessary based on the prior evaluation? Correct. That's a factual determination. Your Honor, that, at the VA level, is a factual determination. But when the Court of Appeals for Veterans' Claims decided that across the board, if we have a nine-month gap or a five-year gap... Who would say that? Show me where they said that. I didn't read the opinion as stating an absolute rule. Where do I get that from? I'm in the Joint Appendix JA-6, which is page 3 of the opinion. The first full paragraph reads, the court also rejects Mr. Bell's allegations that the December 2012 medical examination and March 2012 hemoglobin test were inadequate because they were almost a year old when the board issued its decision. And this is where the principle of law comes out. As this court has explained, interpreting the duty to assist, quote, the mere passage of time without more does not render inadequate a medical opinion. That, across the board determination, is an incorrect interpretation of the statutory duty to assist. So your argument is the mere passage of time is enough? My argument is that the mere passage of time without more is the incorrect rule of law, especially in the case, particularly here. I don't want to get too much into facts in this case. That's not why we're here. But in this case, Mr. Bell, the veteran, doesn't even have a way to prove that he has diabetes mellitus without an actual blood test. He has a history that's documented in his record. Again, he's in a presumptive class of individuals who served in a particular place, in this case, the Vietnam Theater. During the Vietnam era and the rule itself, the regulations the VA has itself, would give him a presumptive service connection for that disability if we could just get the blood test to show it. And this is where the issue is on duty to assist. Mr. Bell is not capable of determining, unlike if he had a broken arm or a sore back or hearing loss or something of that nature. He isn't capable of actually saying, my blood says that I have diabetes mellitus. Right. But then there was that hemoglobin test taken in March 2012, right? Yes, Your Honor. And then that level was below the level for a diabetes diagnosis, right? We do not dispute the fact that each test is below the formal level. When was the filing date for Mr. Bell's claim here? Which claim, Your Honor? The claim here today? Yeah. Is it 2008, 2009? Oh, forgive me. The original claim. For service connection diabetes back to the time when he was in the Vietnam War era. Your Honor, forgive me. There were a lot of back and forth from the answer. It's been a few years. 2008 or 2009? Yes. And so if he were to get another test, medical test, and then on that day, 2015, it was determined that he did have such an elevated blood glucose level that it would merit a diagnosis of diabetes. Then would he get a claim that goes all the way back to the date of 2008, 2009? The benefits would start clicking then? It wouldn't start clicking on the date that he finally got a blood glucose level that was so elevated that it was a diagnosis of diabetes, right? I believe he would, actually. It would be from that date forward. Assuming that we restart the process, and I believe that's built into your question. No, let's say there was a remand. If there were a remand? And then he had the test, and then the test in 2015 said he had the diabetes. Would his benefits go all the way back to the filing date of this claim, 2008, 2009? No, Your Honor. That's not what I'm asking for here. What we're asking for instead— It would start on the date of the medical exam test that finally had a blood glucose level enough for diabetes? Yes. What I'm arguing today, Your Honor, is not that he has diabetes mellitus. What I'm arguing is that the VA's duty to assist, and in this court specifically, the Veterans Court's determination that that duty was met, is incorrect. And instead, the Department of Veterans Affairs owes him an additional test because of the nature of that disorder and because of his past history. Okay. Do you want to save the rest of your time for your follow-up? Yes, I would. Thank you. Thank you, Mr. Keller. Ms. Koenig, is that how you pronounce it? Good morning, Your Honors, and may it please the Court. This case presents a straightforward issue. Whether the Veterans Court erred in determining that the VA met its duty to assist. Here, the Court lacks jurisdiction over that question because Mr. Bell's appeal challenges the adequacy of his medical examination, which this Court has found to be a factual determination. First, addressing the jurisdictional question, under Prinky v. Shinseki, this Court determined that the adequacy of a medical examination is a question of fact. Here, Mr. Bell received a medical examination in December of 2012, and Mr. Bell's challenge is to the fact that the examiner at that time relied on blood tests, which were from March and April of 2012, rather than taking a new blood test. That, in this case, challenges the factual sufficiency of the medical examination that he received. Mr. Keller argues that the legal issue here is what the duty to assist requires, and under the statute... Does the VA have any policy or procedure for determining how often to test people who are diabetes suspects? I guess this guy would fall into that category. Your Honor, the VA doesn't have a rule of law on that issue. Rather, it is a fact-specific question. I'm not asking about a rule of law. I'm asking about whether it has a policy or practice as to how often to test people. Well, Your Honor, I would argue that that's a very fact-intensive question, although the clinical practice guidelines by the American Association for Clinical Endocrinologists, which I cited in my brief, suggest that an individual with impaired fasting glucose should be tested on an annual basis. And here, the blood tests that were relied on in the December examination were within that one-year time frame. Although the VA doesn't use that as a per se rule, it's instructive to show that the VA was reasonable in concluding that the March results were sufficient. But why is there a practice of doing annual tests for people in that category? Why is there? Well, Your Honor, an individual with impaired fasting glucose tends to show elevated blood sugar numbers, which are still below the threshold. And the practice guidelines suggest that on an annual basis you would measure that, I guess, in case the blood test results have gotten worse. The AC-1 test averages blood sugar levels on a prior three-month basis. So it would make sense that you do this annually, especially in a situation where, as this veteran, he's pre-diabetic. He's been diagnosed pre-diabetic, meaning he's on the threshold to become diabetic. Yes, Your Honor, the VA examiner in 2012 did diagnose him with impaired fasting glucose, noting that he had elevated blood sugars. Although his numbers in 2012 are consistent with the numbers going all the way back to 2007, which are summarized in the VA examination at J39, Mr. Bell consistently had numbers that were below the diabetic threshold, testing every few months all the way from 2007 to 2012. So the VA examiner looked at all of Mr. Bell's medical records, including his risk factors for diabetes, and concluded that an additional test was not necessary at that time. That was a factual question, which this Court lacks jurisdictions to review. Just for information purposes, what if the VA had done another blood test in December of 2012, even though the March 2012 blood test showed no diabetes? But the December 2012 blood test did show diabetes. Then what would happen? Would you grant benefits dating all the way back to the filing date of the claim in 2008? If Mr. Bell had shown in December of 2012 a current diagnosis of diabetes, I believe that the benefits would begin from the diagnosis date. Thank you, guys. I'll note that the Veterans Court also made – although Mr. Keller characterizes the Veterans Court as making a legal conclusion on the passage of time, the Veterans Court actually made factual conclusions. On JA-5, the Veterans Court notes that Mr. Bell doesn't identify any specific deficiencies in the examination that he received, other than relying on the blood test results from March. Additionally, the Veterans Court on JA-6 found that Mr. Bell doesn't allege that his condition had worsened between March 2012 and December of 2012. Again, these factual conclusions are something that is outside this Court's jurisdiction. To follow up, if it had been longer than a year, then would the VA have conducted another blood test in light of the practice you were describing? Your Honor, if the results had been over a year, it still would have been within the Veterans Court, within the VA examiner's discretion. I can't say for sure that they would have necessarily provided a new blood test because the VA examiner was looking at all of the medical records, including the fact that his blood sugar numbers were consistently below that diabetic threshold. Although, even if the tests had been more than a year old, we would still argue that this is a factual determination to the sufficiency of the medical examination. Unless the judges have further questions, for the reasons stated today and in our brief, we would ask the Court to dismiss the appeal for lack of jurisdiction or alternatively to affirm the decision of the Veterans Court. Thank you, Ms. Kline. Mr. Klower? Mr. Klower? Thank you. Just a couple of rebuttal points. First, the case of Prinkley v. Shinseki, unlike the case we have today, in that case, the veteran had not only been diagnosed and received benefits from the VA on the basis of diabetes mellitus. That was actually a case about taking the benefits away from him. He was fighting to the very end to try to maintain his right to getting disability benefits for diabetes mellitus. There was a thorough examination of his case by an endocrinologist and other medical professionals. In this case, while Mr. Bell has begun getting the facts, unfortunately, but as Mr. Bell has attempted repeatedly to get just an initial contemporaneous blood test, the VA has refused to give him that. In this case, Mr. Bell can't even properly establish his service-connected disability because the VA won't assist him in obtaining the necessary evidence to substantiate that claim that he has service-connected diabetes mellitus, which, again, under the VA's regulations is a presumed condition, presumed for service connection, if he can actually find a diagnosis for it because he served in Vietnam during that era. Mr. Bell asks that this court vacate the decision of the Court of Appeals for Veterans Claims and remand the case to it with instructions that the Veterans Court's incorrect statutory interpretation that the duty to assist does not require a contemporaneous blood test for a veteran with otherwise presumptive diabetes mellitus and a history of and risk factors for diabetes, nor to live up to his duty to assist, must be overturned. Nothing else in this case will work for a person who actually has a history of this hidden condition, but which he cannot himself self-diagnose. Do you have any other questions, Your Honor? Okay. No. Thank you, Mr. Keller. Thank you. Thank both counsel.